IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVIS WAYNE GOODSELL, <br><br> Petitioner, <br><br> vs. <br><br> DALLAS EARNSHAW et al., <br><br> Respondents. | Case No. 2:12-CV-135-TS <br><br> MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS <br><br> United States District Court Judge Ted Stewart |

This matter is before the Court on Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus. For the reasons discussed below, the Court will grant the Motion and deny and dismiss the Petition for Writ of Habeas Corpus on the grounds that Petitioner's claims are unexhausted.

## I. BACKGROUND

Petitioner was charged with two counts of terroristic threat, a 2nd degree felony, and one count of harassment, a class B misdemeanor in Salt Lake County, Third District Court. On February 20, 2009, Petitioner was found not competent to proceed in the criminal case and was transported to the Utah State Hospital.

During the following two-and-a-half years, numerous review hearings were held and Petitioner was found still not competent to stand trial. On July 15, 2011, Petitioner was ordered released from the state hospital on the criminal matter and involuntarily civilly committed in Utah County, Fourth Judicial District Court. At review hearings, the court found by clear and convincing evidence that Petitioner continued to meet the criteria for involuntary commitment.

On January 30, 2012, after Petitioner had been ordered released as to the criminal case, but then civilly committed, Petitioner filed this federal petition for habeas corpus relief. Petitioner alleges:

- that he was wrongfully arrested because he was never provided with a warrant of arrest;

- that he was wrongfully arrested because he never threatened the use of a weapon of mass destruction and never acted on a terroristic threat;

- that he was wrongfully arrested because "Modern American Utopia" is not a written or recorded threat, but is a peaceful protest and a statement of religious and scientific information protected by freedom of speech;

- that he was wrongfully arrested because discovery statements by the arresting officer and Petitioner's parents show "the intention to mentally commit the petitioner and not try him for any crime";

- malicious prosecution because he alleges that there was an unwarranted search of his premises and no evidence was declared confiscated in discovery;

- malicious prosecution because of forced medication of the Petitioner;

- malicious prosecution because of examinations of the Petitioner as paranoid schizophrenic without two key symptoms;

- malicious prosecution because he was denied all examination reports as part of his discovery;

- malicious prosecution because no hearing was held to show that there was no preponderance of evidence of a mental illness;

- malicious prosecution because despite an order of release the State refuses to drop the charges against him; and

- wrongful detention because no bail hearing was held to release the Petitioner on his own recognizance.

Respondents filed their Motion to Dismiss, asserting that Petitioner's claims had not yet been, but could still be, exhausted in State court. Petitioner filed a "Rebuttal" to the Respondent's motion to dismiss.

## II. ANALYSIS

A state prisoner pursuing federal habeas relief under 28 U.S.C. §2254 must first exhaust state remedies regarding all claims presented to the federal court. 28 U.S.C. §2254(b) & (c); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v.*

*Connor*, 404 U.S. 270, 275-76 (1971); *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). "[T]o exhaust his state remedies, a federal habeas petitioner must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). The claims must be "'properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).

A petitioner is deemed to have exhausted state remedies if either: (1) a state remedy is no longer available; or (2) all claims asserted in the federal petition have been presented to the highest state court either on direct appeal from his conviction or in a state post-conviction proceeding. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Smith v. Atkins*, 678 F.2d 883, 884-85 (10th Cir. 1982); *accord Dever*, 36 F.3d at 1534.

Petitioner's claims are unexhausted because he has not presented to the Utah Supreme Court (or any state court) any of the claims that he raises in his federal petition, and he could still present his claims in state court.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.S. § 2254(c). Because Petitioner could still raise his claims in State court, he has not yet exhausted the remedies available in State court. *See Granberry v. Greer*, 481 U.S. 129, 133 (1987); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997).

This Court has two options regarding a petition stating only unexhausted claims. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (citing 28 U.S.C. § 2254(b)(1)(A)). "First, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims. Second, it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies." *Id.* (emphasis added) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982); 28 U.S.C.S. § 2254(b)(2)). "[A]s indicated by Congress' use of the word 'may,' the court has discretion whether to dismiss without prejudice or deny the petition on the merits under such circumstances." *Hamill v. Ferguson*, 937 F. Supp. 1517, 1522 n.1 (D. Wyo. 1996).

Section 2254(b) "'does not contain the standard for determining when a court should dismiss a petition on the merits instead of insisting on complete exhaustion.'" *Moore*, 288 F.3d at 1234 (quoting *Hoxsie*, 108 F.3d at 1243). That section should therefore be read together with *Granberry*, 481 U.S. 129, which holds that, if a court is satisfied that a habeas petition lacks merit, use of the exhaustion result to dismiss the petition may merely result in futile state court litigation. *See Moore*, 288 F.3d at 1234 (citing *Hoxsie*, 108 F.3d at 1243; *Granberry*, 481 U.S. at 133).

The Tenth Circuit has "observed that *Lambrix v Singletary*, 520 U.S. 518, 525 (1997), suggests that in the interest of judicial economy, a court should deny a habeas petition that is *easily resolvable* against the petitioner on the merits rather than require complete exhaustion." *Rudolph v. Galetka*, No. 2:99-CV-371 K, 2000 U.S. Dist. LEXIS 22875, at *4 (D. Utah April 18, 2000) (emphasis added) (report and recommendation, adopted by *Rudolph v. Galetka*, 2000 U.S. Dist. LEXIS 22874 (D. Utah May 23, 2000)). Other courts have described the dismissal of a petition on the basis of exhaustion rather than the merits as warranted when the petition "does not obviously lack merit," *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir.

1999), or is not "patently frivolous," *Goines v. Walker*, 54 F. Supp. 2d 153, 155 (E.D.N.Y. 1999).

Considering the grounds for habeas relief raised by Petitioner against the backdrop of § 2254(b)(2), the Court declines to use its discretion to dismiss this petition on the merits. *See Rudolph*, 2000 U.S. Dist. LEXIS 22875, at *5-6. First, it is not readily apparent that Petitioner has wholly failed to raise a "colorable federal claim[]." *See id.*, at *6. The Court must keep in mind here that, when dismissing an unexhausted petition on the merits under § 2254(b)(2), "it is the entire petition, rather than individual claims, that must be dismissed." *Moore*, 288 F.3d at 1234. To dismiss this petition on the merits, then this Court must be convinced that *not one* of Petitioner's claims is "colorable." And, upon review of this petition, the Court cannot say that Petitioner's claims obviously have no merit or are patently frivolous. *See Rudolph*, 2000 U.S. Dist. LEXIS 22875, at *6; *Mercadel*, 179 F.3d at 276; *Goines*, 54 F. Supp. 2d at 155. Moreover, resolution of at least some of Petitioner's allegations would entail a review of trial-court records. *See Rudolph*, 2000 U.S. Dist. LEXIS 22875, at *6.

Accordingly, "the claims are not 'easily resolvable' against the petitioner." *Id.* (citing *Cowans v. Artuz*, 14 F. Supp. 2d 503, 507 (S.D.N.Y. 1998) (dismissing petition for failure to exhaust when claims could not be resolved "without reviewing virtually the entire trial and appellate record")). And, "it is appropriate that [P]etitioner's . . . claim[s] be heard by a . . . [s]tate court before this Court passes on [them]." *Goines*, 54 F. Supp. 2d at 157.

## III. CONCLUSION

It is therefore

ORDERED Respondents' Motion to Dismiss (Docket No. 8) is GRANTED. It is further

ORDERED that the remaining motions (Docket Nos. 6 and 10) are DENIED AS MOOT.

Petitioner's § 2254 petition is dismissed without prejudice because he has failed to exhaust his claims in state court. The Clerk of the Court is directed to close this case forthwith.

DATED this 17th day of September, 2013.

BY THE COURT:

_____
JUDGE TED STEWART
United States District Court